LAUDER v. JENNINGS et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

MASTER AND SERVANT (§ 115*)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Contractors engaged in remodeling a house are not liable for injuries to a servant, who, in preparing to set a sash, opened a door of a closet to hang his coat and hat therein, and, not observing that the floor had been removed, fell through to another floor; the place where he was to work being the room in which the sash was to be set, and there being no necessity of informing him of the removal of the floor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205, 206; Dec. Dig. § 115.*]

Appeal from Trial Term, New York County.

Action by Andrew Lauder against Samuel H. E. Jennings and another. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

James B. Henney, for appellants.
Charles M. Beattie, for respondent.

McLAUGHLIN, J. Shortly after 7 o'clock in the morning on July 5, 1907, the plaintiff, an employé of the defendants, sustained personal injuries by falling down a dumb-waiter shaft. He brought this action to recover the damages sustained on the ground that the same were due solely to the negligence of the defendants. He had a verdict of $1,500, and the defendants appeal from the judgment entered thereon, and from an order denying a motion for a new trial.

The defendants were contractors, and at and for some time prior to plaintiff's injuries were engaged in making certain changes in a building located at 691 Madison avenue, New York City. The changes, among others, consisted in putting in larger windows and extending a dumb-waiter shaft from the first to the second floor. In the hall, about 10 feet from the top of the stairs leading from the first to the second floor, was a closet in which the dumb-waiter was to be installed. For that purpose the floor of the closet, at the time in question, had been removed. The plaintiff, some two or three days prior to the accident, had been engaged in setting sash for the windows on the first floor, and, having finished there, on the morning of the accident went to the second floor to set sash there. Just before commencing his work, he opened the door leading into the closet referred to, and, observing some hooks, on which he intended to hang up his coat and hat, and not observing the floor had been removed, stepped into the opening and fell to the floor below, sustaining the injuries of which he complains.

The recovery is sought to be sustained upon the ground that the defendants were negligent in not notifying him that the floor in the closet had been removed. But this ground is untenable, because there

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was no obligation resting upon the defendants to give him such information. The closet was not a place in which he was to do his work. It was not in any way connected with the work to be done by him, nor did he have any right to go into it. The door to the closet was closed, and that, at least, should have suggested to him to keep out of it. The place furnished for the plaintiff to work was the room in which the sash was to be set. Defendants were not bound to anticipate that he would leave that place, go roaming over the building, or enter a closed closet, where he had no work to do, and no right to go. Before the defendants could be held liable, plaintiff was bound to establish that his injuries were due solely to the omission of some duty on their part, and this he utterly failed to do.

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.